IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ORLANDO BETHEL, et al.,**
       **Plaintiffs,**

vs.                                              Case No: 3:03cv342/MCR/MD

**ESCAMBIA COUNTY, FL, et al.,**
       **Defendants.**

_____

**REPORT AND RECOMMENDATION**

Plaintiffs, proceeding *pro se*, have filed the following documents: First Amended Motion for Contempt of Court Declaration or Proceedings in Violation of Injunction or by Any Other Permissiable [sic] Means (doc. 80), Motion for Contempt of Court Memorandum of Law Arguments (doc. 81), and Motion to Enter Affidavit to Show Plaintiffs Conferred with Counsel for Defendants to Support Their Motion for Contempt of Court (doc. 82).  Because this court lacks jurisdiction to grant the requested relief, the motions should be denied.

Plaintiffs commenced this action on August 8, 2003 (doc. 1).  At that time they were represented by counsel.  The case was dismissed form the Court's active docket on March 2, 2004, upon plaintiffs' Notice Regarding Settlement (docs. 67 & 68).  The Order of Dismissal did not incorporate the settlement agreement, or provide expressly for continuing jurisdiction over disputes arising out of the settlement.[1]  On August 24, 2004, proceeding *pro se*, plaintiffs filed a Motion to Compel Defendants Escambia County to Pay Settlement in Full (doc. 69).  This court

---

[1] Plaintiff's counsel did not provide the court was with a copy of the settlement agreement, and the court was not asked to incorporate any such agreement into its order of dismissal.

denied relief, explaining:

> In its Order of Dismissal, the Court reserved the power to amend or vacate and set aside the dismissal for sixty days in the event that the settlement was not consummated. Because the sixty days period has now elapsed, the Court no longer has jurisdiction to enforce the settlement agreement. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). . . .

(Doc. 70). For the same reasons, the instant motions should be denied.

Accordingly, it is respectfully RECOMMENDED:

That plaintiffs' motions (docs. 80, 81 & 82) be DENIED.

At Pensacola, Florida, this 20th day of December, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**

MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

*Case No: 3:03cv342/MCR/MD*